PADOVANO, Judge.
Southern Contractors, Inc., agreed with Container Corporation of America to install a vacuum pump on a paper machine at a plant operated by Container in Femandina Beach. The agreement required the purchase of insurance, and Southern complied with this provision by procuring an insurance policy from Maryland Casualty Company. A subsequent endorsement to the policy added Container as an additional insured. When a Southern employee filed a negligence action against Container for injuries he sustained on the grounds of Container’s plant, Maryland initiated a declaratory judgment action to settle the issue of coverage. The trial court held that the policy did not provide coverage for Container’s own negligence and granted a summary judgment for Maryland. We conclude that this decision is correct and therefore affirm. The agreement between Southern and Container required Southern to “indemnify, defend, save and hold [Container] harmless from any and all costs, damages and liabilities incurred or arising as a result of the performance by [Southern] of its duties [under the agreement].” This provision makes it clear that the scope of the insurance coverage was limited to acts or omissions by Southern, not Container. The endorsement adding Container was intended to insure a risk for which Container might be vicariously liable, and it cannot be interpreted to provide coverage for Container’s own negligence.
AFFIRMED.
JOANOS, J., concurs.
WOLF, J., dissents with written opinion.